UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMELA RANDALL** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1358** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "I"** |

### ORDER AND REASONS

Before the Court is plaintiff, Pamela Randall's ("Randall"), motion to remand.[1] Defendant State Farm Fire and Casualty Company ("State Farm") opposes the motion.[2] For the reasons assigned, Randall's motion to remand is **DENIED.**

### *BACKGROUND*

This case arises out of an insurance claim for property damaged during Hurricane Katrina. On the date the hurricane made landfall in August 2005, Randall was the owner of a home located at 3009 Serantine Street, New Orleans, Louisiana 70119.[3] State Farm had issued an insurance policy covering the home.[4] Randall allegedly reported the severe damage that the property suffered to State Farm and also submitted proof of losses.[5] State Farm thereafter paid Randall under her policy, but Randall alleges that these payments were insufficient because State Farm used below market unit price figures for items damaged during the hurricane.[6]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 10.
[3] R. Doc. No. 1-1, ¶ 4.
[4] R. Doc. No. 1-1, ¶¶ 4, 8.
[5] R. Doc. No. 1-1, ¶¶ 10, 11.
[6] R. Doc. No. 1-1, ¶ 12.

Randall filed her lawsuit in the Orleans Parish Civil District Court (Case No. 2011-4400, *Pamela Randall v. State Farm Fire and Casualty Company*) on April 27, 2011.[7] State Farm removed this lawsuit to the Eastern District of Louisiana on June 8, 2011, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[8] State Farm further alleges that complete diversity exists because Randall is a citizen of Louisiana and State Farm, a foreign corporation authorized to do business in Louisiana, is a citizen of Illinois.[9] In her motion to remand, Randall challenges State Farm's assertion that the amount in controversy exceeds $75,000, exclusive of costs and interest, which would deprive this Court of jurisdiction.[10]

## *LAW AND ANALYSIS*

**I.  Motion to Remand**

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 813 n. 3 (5th Cir. 2007). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

Defendant must prove by a preponderance of the evidence that plaintiff's claim exceeds the jurisdictional amount either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.' " *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)). "Where the 'facially apparent' test is not met, it is

---

[7] R. Doc. No. 1-1.
[8] R. Doc. No. 1-1, p. 7.
[9] R. Doc. No. 1-1, p. 7.
[10] R. Doc. No. 8, p. 1.

2

appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal." *Davis v. State Farm Fire & Cas. Co.*, 2006 WL 1581272 *2 (E.D. La. June 7, 2006) (citing *Allen,* 63 F.3d at 1336).

The Court must look at the claims as they existed at the time of removal, and any ambiguities are strictly construed in favor of remand. *Manguno,* 276 F.3d at 723. In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Franklin v. State Farm Ins. Co.,* 2006 WL 2925513, at *2 (E.D. La. Oct. 10, 2006) (Barbier, J.) (citing *Atkins v. Lexington Ins. Co.,* 2006 WL 1968895 (E.D. La. July 12, 2006) (Vance, J.)).

If the defendant meets its burden, then "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). This is known as the "legal certainty test." *Id.* It is "not a burden-shifting exercise." *Id.* at 1412. The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that state law prevents recovery in excess of $75,000 or that the plaintiffs are somehow "bound irrevocably" to an amount under the federal jurisdiction limit. *De Aguilar,* 47 F.3d at 1412.

**II.   Discussion**

As previously stated, when a plaintiff's petition does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[11] The defendant may satisfy this burden if he shows that, given

---

[11] Louisiana law states that a plaintiff's petition cannot contain a specific amount of monetary damages. La. Code. Civ. Proc. art. 893(A)(1). However, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required. *Id*.

the complaint, it is "facially apparent" that damages likely exceed $75,000. *Luckett*, 171 F.3d at 298. State Farm has met its burden.

Randall's petition alleges that her property was "severely damaged and/or destroyed."[12] She further argues that she is entitled to: full reimbursement for property damages and proper per unit pricing and payment for industry standard items; penalties under La. Rev. Stat. §§ 22:1892 and 22:1220;[13] attorney's fees; emotional distress; loss of use of the property; loss of enjoyment of the property; diminution of value of the property; all benefits under the applicable policies; and any other relief that the court deems fair and equitable.[14]

Randall's State Farm policy provided $104,500 in coverage for her home, $10,450 for her dwelling extension, and $78,375 for personal property.[15] State Farm previously paid $6,616.56 for damage to her home (this includes a $1,170 deductible), $500 for contents, and $1,424.40 for loss of use, leaving $97,884.44 of available coverage for the home and $77,875 of available coverage for contents. Randall could also recover "twenty-five percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, . . . or in the event a partial payment or tender has been made, twenty-five percent of the difference between the amount paid or tendered and the amount found to due" pursuant to La. Rev. Stat. § 22:658 (2005)[16] and double damages, or $5,000, whichever is greater, pursuant to La. Rev. Stat. § 22:1220 (2005).[17] Consequently, State Farm has

---

[12] R. Doc. No. 1-1, ¶ 7.
[13] Randall mixes old and new statute sections in her petition. As of 2005 when Randall's property was allegedly damaged, La. Rev. Stat. §§ 22:658 and 22:1220 were in effect. Since that time, these sections have been recodified at §§ 22:1892 and 22:1973, respectively. The new sections became effective January 1, 2009.
[14] R. Doc. No. 1-1, ¶ 23.
[15] R. Doc. No. 10-1, p. 2.
[16] Randall cited the post-2005 statute, La. Rev. Stat. § 22:1892, in her petition, which provides for a fifty percent penalty.
[17] Claims for attorney's fees and penalties pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied. *See Manguno*, 276 F.3d at 723 ("If a state statute provides

demonstrated from the petition that it is facially apparent that the amount in controversy likely exceeds $75,000.

Once the defendant has shown that the amount in controversy exceeds $75,000, the plaintiff must show that, as a matter of law, it is legally certain that he will not be able to recover more than $75,000. *De Aguilar*, 47 F.3d at 1412. In *De Aguilar*, the Fifth Court declared that unless a statute limits recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*." 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)) (emphasis added). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id.* at 1412 n.10.

In this action, Randall's petition merely states that "all claims asserted herein, including claims for any and all penalties and attorney's fees, are for a total sum less than $75,000."[18] In *Davis v. State Farm*, *supra*, Judge Vance reviewed stipulations in plaintiffs' complaints[19] which stated that damages sought were "less than $75,000, but, as noted, none affirmatively waive[d] the plaintiffs' right to collect damages in a greater amount." Such allegations were not sufficient to show that the amount in controversy was less than $75,000. 2006 WL 1581272, at *3. As in *Davis*, Randall's statement is not a binding stipulation. Consequently, Randall's statement in the petition has not satisfied the legal certainty test necessary to remand this case to state court.

---

for attorney's fees, such fees are included as part of the amount in controversy."). While Randall alleges that she can maintain a claim for attorney's fees pursuant to La. Rev. Stat. § 22:658 (2005), the statutory language awarding attorney's fees was not added to the statute until 2006. *See* Acts 2006, no. 813, § 1. The Louisiana Supreme Court has held that the attorney's fees amendment is not retroactive. *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 201 (La. 2008) ("The amendment is unquestionably substantive, and as such cannot be applied retroactively."). Accordingly, the Court does not consider Randall's claim for attorney's fees.

[18] R. Doc. No. 1-1, ¶ 26.

[19] *Davis* was a consolidated case involving multiple complaints.

As part of her motion to remand, Randall also submits an "irrevocable stipulation and affidavit" wherein she waives any potential recovery above $75,000.[20]  Fifth Circuit jurisprudence is clear with respect to when a court may consider such post-removal affidavits.  In *Gebbia*, the Fifth Circuit stated that a court may consider post-removal affidavits only when the amount in controversy is ambiguous at the time of removal.  233 F.3d 880, 883 (5th Cir. 2000) "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  *Id.*  It was facially apparent from Randall's petition that the amount in controversy exceeded $75,000 at the time of removal.  Accordingly, Randall's post-removal affidavit cannot deprive this Court of jurisdiction, and **IT IS ORDERED** that Randall's motion to remand is **DENIED**.

New Orleans, Louisiana, July 25th, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. No. 8-2, p. 1.